IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James D. Hood, | Case No. 1:14 CV 681 |
| Petitioner, | ORDER ADOPTING <u>REPORT & RECOMMENDATION</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Christopher LaRose, *Warden* Trumbull Correctional Institution, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner James Hood filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). This case was referred to Magistrate Judge Nancy Vecchiarelli, who filed a Report and Recommendation ("R&R") recommending dismissal of the Petition with prejudice (Doc. 15). Hood objects to the R&R (Doc. 18). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636 (b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions *de novo*. For the reasons that follow, this Court adopts the R&R and denies the Petition.

### BACKGROUND

The R&R accurately states the relevant factual and procedural background, and this Court adopts that recitation (Doc. 15 at 1–9). Hood is serving a sentence of twenty-one years to life for felony murder, nine counts of kidnapping, and nine counts of aggravated robbery, with firearm specifications for each count, arising from a January 2009 robbery (*id.* at 6). At trial, the State offered cell phone records implicating Hood and co-conspirator Kareem Hill on the night of the robbery.

Hood objected to the introduction of the cell phone records, claiming the records lacked verification or certification of their authenticity as business records. The trial court overruled the objection and admitted the records (*id.* at 5–6).

Hood appealed, asserting four assignments of error, including that the trial court violated the Sixth Amendment by allowing admission of the unauthenticated cell phone records. *State v. Hood*, 2010-Ohio-5477, at ¶ 24 (Ohio App. Ct.). The state appellate court affirmed Hood's conviction and held that any error in admitting the records was harmless. *Id.* at ¶¶ 25–30.

Hood filed a notice of appeal to the Ohio Supreme Court, arguing the admission of unauthenticated cell phone records under the business records exception violated the Confrontation Clause of the Sixth Amendment. *State v. Hood*, 135 Ohio St.3d 137, 144 (2012) ("*Hood II*"). The Ohio Supreme Court affirmed, holding that "the admission of the cell-phone records was error, but that that error was harmless beyond a reasonable doubt." *Id.* at 138.

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *(Terry) Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a

demanding standard met "only if reasonable jurists would find [a state-court decision] so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

## DISCUSSION

Hood argues the R&R misapplies the harmless error standard and the admission of the cell phone records was not harmless (Doc. 18). Hood asserts the R&R should not have focused on whether the constitutionally admissible evidence against him was "overwhelming," but rather whether the introduction of the phone records "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993).

There is no dispute the cell phone records were not authenticated as business records and their admission into evidence was constitutional error, implicating Hood's Sixth Amendment right. Confrontation Clause errors are subject to harmless error review. *See Chapman v. California*, 386 U.S. 18, 21–22 (1967). To evaluate the effect of the error, this Court must consider both the impact of the improperly admitted evidence and the overall weight of the evidence presented at trial. *See Brecht*, 507 U.S. at 639; *see also Fry v. Pliler*, 551 U.S. 112, 121 (2007) (applying the *Brecht* standard regardless of the state courts' review of the alleged constitutional error). Courts evaluate whether the evidence was important and cumulative; the presence or absence of corroborating or contradicting evidence; and the overall strength of the prosecution's case. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986).

The R&R properly applied the harmless error standard of review in concluding that the admission of the cell phone records did not have a substantial and injurious effect or influence in determining the jury's verdict, contrary to Hood's claim otherwise. The key evidence of Hood's

3

involvement in the robbery did not depend on the cell phone records. DNA evidence proved Hill was at the crime scene, and Hill testified against Hood, naming Hood as a co-participant and detailing Hood's role in the robbery. *Hood II*, 135 Ohio St.3d at 148–49. Victim testimony corroborated Hill's depiction of the robbery. At the time of Hood's arrest, the police found Hood in Hill's car, which also contained the stolen cell phones and cash. Hood himself also had a large amount of cash at the time of arrest. *Id.* As the Ohio Supreme Court concluded, the cell phone records "were of minimal probative value and, at most, merely cumulative in effect." *Id.* at 148.

This Court also agrees with the R&R's conclusion that, based on the evidence in the trial record, the cell phone records did very little to support the State's case (Doc. 15 at 17). As the Ohio Supreme Court noted, the cell phone records arguably weakened the State's case because the records reflected calls between Hood and Hill at a time when, according to Hill, the two were together in Hill's car. Moreover, the State's own witness conceded that while the cell phone records may generally have placed Hood in the vicinity of the crime scene on the morning of the crime, the records do not specifically place Hood in the vicinity at the time of the robbery. *Hood II*, 135 Ohio St.3d at 148.

Considering the weight of the improper evidence against the overall weight of the evidence at trial, this Court overrules Hood's objection and agrees with the R&R conclusion that the admission of the cell phone records did not have a substantial and injurious effect or influence in determining the jury's verdict.

**CONCLUSION**

For the foregoing reasons, this Court adopts the R&R (Doc. 15) and denies the Petition (Doc. 1). Because Hood has not made a substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                                   s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

July 8, 2015